**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

v.

EFSON TERRY,
DOB: 04/13/1991

                                    Defendant.

**Criminal Case No. CF0420-17**
GPD Report No. 17-20469

**DECISION AND ORDER
GRANTING
THE PEOPLE'S MOTION
TO REVOKE PROBATION**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 29, 2024, for a Revocation Hearing in the above-captioned matter related to Efson Terry's ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Brian Kegerreis. The People of Guam were represented by Assistant Attorney General Jacob Wagner. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting the People's Motion to Revoke Probation.

## BACKGROUND

On January 13, 2020, Defendant was adjudged guilty of Driving Under the Influence of Alcohol with a Child on Board (as a 3rd Degree Felony) pursuant to Defendant's noncompliance with the terms of the Deferred Plea Agreement entered into on August 15, 2018. See Judgment of Conviction (Jan. 30, 2020). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

Decision and Order Granting the People's Motion to Revoke Probation
CF0420-17, *People of Guam v. Efson Terry*
Page 1 of 5

- **COUNSELING/TREATMENT:** Defendant shall attend all recommended treatment and classes, pay for any costs for treatment, and abide by all the conditions and instructions of the Court, treatment counselors, and probation officers.
- **FINE:** Defendant shall pay a **fine** of **one thousand dollars ($1,000.00)** plus **court costs** of **eighty dollars ($80.00)**. All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.
- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Id.

On November 5, 2021, a Violation Report was filed indicating that Defendant hadn't been reporting to the Probation Office on a monthly basis, had failed to schedule and attend an intake and drug/alcohol assessment at New Beginnings, and hadn't made any progress on paying off either his fines or his court costs. See First Violation Report (Nov. 5, 2021).

A Further Proceedings Hearing was scheduled for December 10, 2021 and the Court ordered Defendant to appear. See Summons (Nov. 16, 2021). However, Defendant failed to attend or follow the Court's orders, and a bench warrant was issued for his arrest. See Minute Entry (Dec. 10, 2021); Bench Warrant (Dec. 17, 2021). Defendant spent the next year and a half on the run until his eventual arrest in May 2023. See Return of Warrant Service (May 19, 2023).

On August 16, 2023, another Violation Report was filed indicating that Defendant still hadn't scheduled his intake appointment at New Beginnings, and again was failing to report to the Probation Office. See Second Violation Report (Aug. 16, 2023).

A Further Proceedings Hearing was scheduled for November 16, 2023 and the Court ordered Defendant to appear. See Summons (Aug. 30, 2023). However, Defendant again failed to attend or follow the Court's orders, and another bench warrant was issued for his arrest. See Minute Entry (Nov. 16, 2023); Bench Warrant (Nov. 27, 2023).

On June 24, 2024, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's non-compliance

Decision and Order Granting the People's Motion to Revoke Probation
CF0420-17, *People of Guam v. Efson Terry*
Page 2 of 5

with numerous probation conditions. See Motion (Jun. 24, 2024). Opposing the Motion, Defendant claims he still has time to complete the terms of his probation if given another chance. See Opposition to Motion (Jul. 8, 2024).

On August 29, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Aug. 29, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and

Decision and Order Granting the People's Motion to Revoke Probation
CF0420-17, *People of Guam v. Efson Terry*
Page 3 of 5

to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant has failed to make any progress on paying off his fines or court costs, never scheduled even his initial intake/assessment appointment at New Beginnings, and routinely failed to report to the Probation Office. Defendant has also violated this Court's orders by failing to appear at numerous scheduled hearings.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. Defendant has made very little progress on completing any of his probation conditions in the three years he has been on probation. During that time, Defendant blatantly ignored the Court's orders, failing to appear at multiple scheduled hearings. Rather than complete his probation conditions, Defendant spent much of that time on the run from authorities while a warrant was out for his arrest.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

Decision and Order Granting the People's Motion to Revoke Probation
CF0420-17, *People of Guam v. Efson Terry*
Page **4** of **5**

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matters. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this <u>September 6, 2024</u>



<u> </u>
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
<u>AG, PDSC</u>

<u>9/6/24</u>  <u>10:10am</u>
Date     Time

Antonio J. Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Granting the People's Motion to Revoke Probation
CF0420-17, *People of Guam v. Efson Terry*
Page 5 of 5